Filed in open Court 1-13-03 M. John Dep. Clerk

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 6, 2002

Leslie Feldman-Rumpler, Esquire
100 State Street, Suite 900
Boston, MA 02109

Re: United States v. Yasmin Acevedo,
Criminal No. 02-10227-RGS

Dear Ms. Feldman-Rumpler:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney" or "the government") and your client, Yasmin Acevedo ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to Counts One and Two of the Information in this case, which charge her, respectively, with illegal importation of MDMA, in violation of 21 U.S.C. § 952(a), and possession of MDMA with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in the Information and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each of Counts One and Two of the Information: a twenty year term of imprisonment; a fine of $1,000,000.00; a mandatory three year term of supervised release; and a $100.00 special assessment.

3. Sentencing Guidelines

The parties will take the following positions at sentencing

YA

under the United States Sentencing Guidelines:

(a) that Defendant is subject to a base offense level of 32 (or, alternatively, if Defendant receives an adjustment under section 3B1.2, a base offense level 30) pursuant to section 2D1.1(a)(3) of the Sentencing Guidelines, on the ground that approximately 2,429.5 grams of MDMA, or the equivalent of between 1,000 kilograms and 3,000 kilograms of marijuana, are attributable to her for sentencing purposes;

(b) that Defendant's base offense level should be reduced by three levels pursuant to section 3B1.2(b) of the Sentencing Guidelines based on her role in the offense;

(c) based on Defendant's proffer, that Defendant's base offense level should be reduced by an additional two levels if Defendant satisfies the criteria set forth in sections 5C1.2(1)-(4) of the Sentencing Guidelines (the Safety Valve provision); and

(d) based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, that Defendant's base offense level should be reduced by an additional three levels for timely acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing, Defendant:

(a) fails to admit a complete factual basis for the plea;

(b) fails truthfully to admit her conduct in the offenses of conviction;

(c) falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) fails to provide truthful information about her

financial status;

(e) gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) intentionally fails to appear in Court or violates any condition of release;

(h) commits a crime; or

(i) attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

Absent the filing of a motion pursuant to U.S.S.G. § 5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court::

(a) a term of imprisonment within the applicable guideline imprisonment range as determined by the Court at the time of sentencing;

(b) a fine within the applicable guideline fine range unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) a mandatory special assessment of $200.00; and

(d) a three year term of supervised release.

The Defendant reserves the right to seek a downward departure from the sentencing range established by the United States Sentencing Guidelines provided that the government is given at least 14 days' notice of the nature of the requested departure and the basis therefor, including copies of all documents offered (or expected to be offered) by Defendant in support of such departure. The government reserves the right to oppose any such request for a downward departure.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Cooperation

a. Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. She must provide complete and truthful information to all law enforcement personnel. If her testimony is requested, she must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to her by any law enforcement agents or government attorneys and must not withhold any information. She must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, she must furnish all documents, objects and other evidence in her possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which she has been charged. To facilitate her cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or her counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights she may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's

cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b. Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of her pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6(a) above, or engages in any criminal conduct after the date she signs this Agreement. Defendant may not withdraw her plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

c. Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 6(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation, at Defendant's sentencing.

d. Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated September 26, 2002 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of

justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing that information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

7. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The District Court's adoption at sentencing of any of

the positions found in paragraph 3 respecting offense conduct, base offense level, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William D. Weinreb.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: ______________________
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief, Criminal Division

WILLIAM D. WEINREB
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety (or have had it read to me in its entirety in my native language) and have discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

YASMIN ACEVEDO
Defendant

Date: 1/13/03

I certify that Yasmin Acevedo has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

LESLIE FELDMAN-RUMPLER, ESQ.
Attorney for Defendant
Yasmin Acevedo

Date: 1/13/03